UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:09-MJ-246A |
| | : | |
| RAMON VILLARREAL | : | |

**MEMORANDUM AND ORDER**

Defendant is charged with conspiring to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  On December 30, 2009, Defendant appeared with counsel before the Court for a bail hearing pursuant to 18 U.S.C. § 3142.  The Court requested additional investigation of Defendant's ties to the region and the suitability of Defendant's uncle's residence for bail release.  After receiving a supplemental report from pretrial services on January 26, 2010, a second bail hearing was promptly scheduled and held on January 28, 2010.

It is undisputed that Defendant is charged with a drug trafficking offense carrying a maximum prison term of ten years or more,[1] triggering a rebuttable presumption under 18 U.S.C. § 3142(e) that no bail condition(s) would reasonably assure the appearance of the defendant as required and the safety of the community.  Once the statutory presumption is triggered, a defendant may rebut it by producing evidence that he is not a risk of flight or a danger to the community.  United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988).  Although the ultimate burden of persuasion remains with the Government, the presumption, even if rebutted by a defendant, remains a permissible consideration along with the other § 3142(g) factors.  Id.  (noting Congress'

---

[1] Defendant faces a five-year mandatory minimum sentence by statute if convicted.  21 U.S.C. § 841(b)(1)(B)(ii).  However, because he has no criminal record, he may be able to obtain sentencing relief under the Safety Valve if he meets all of the conditions.  See 18 U.S.C. § 3553(f).

conclusion that "generally drug traffickers pose special risks of flight"). For the reasons outlined below, Defendant has rebutted the statutory presumption against bail in this case.

Defendant will turn twenty years old on January 30, 2010. He was born in Los Angeles and lived in California and Arizona during his childhood. He has resided in Meriden, Connecticut for the past year or so and reports working as a sheet rocker. His paternal uncle, Richardo Villarreal, lives with his wife and children, also in Meriden, Connecticut in a home the couple purchased in 1993. Mr. Villarreal owns and operates a commercial cleaning business incorporated in 1995. His wife works as a clerk at J.C. Penney. His son recently enlisted in the Army, and his daughter attends art school in Boston. Mr. Villarreal attended the first bail hearing and expressed his willingness to take his nephew into his home, post bail and assume responsibility for him. Pretrial Services has advised the Court that the uncle's residence is suitable for supervision.

Defendant has no prior criminal record other than a 2007 arrest, as a juvenile, for marijuana possession in California. Although sufficient to establish probable cause, the evidence as to Defendant's guilt is limited at this point. In a nutshell, law enforcement received a tip from a confidential informant that a local drug distribution suspect would be receiving a significant cocaine delivery. The suspect was surveilled and ultimately met up in Providence with a minivan with Connecticut plates in which Defendant was a passenger. Defendant's cousin was driving, and the minivan was registered to the cousin's girlfriend.

The main suspect and another individual got into the minivan with Defendant and his cousin. Law enforcement ultimately stopped the minivan with the main suspect driving. After obtaining consent to search, law enforcement officers found two, one kilogram "bricks" of cocaine secreted behind a speaker in the rear of the minivan. The officers had to unscrew and remove the speaker

to find the bricks.  In other words, they were not in plain view.  After his arrest, Defendant denied knowledge of or association with the cocaine found in the minivan.  The Government presented no other direct evidence at this time linking Defendant to the cocaine.  Thus, its case as to this Defendant appears to be mainly circumstantial at this point.

Balancing all of the § 3142(g) factors and considering Defendant's lack of criminal record, his uncle's willingness to post bail and assume supervisory responsibility under § 3142(c)(1)(B)(i), and the circumstantial nature of the Government's case presently as to Defendant, I conclude that Defendant has rebutted the presumption against bail and that conditions can be imposed on Defendant's release which will reasonably assure the safety of the community and Defendant's appearance for future court proceedings.  These conditions will include $5,000.00 full surety bail, residence with Defendant's uncle, acceptance of custodial supervision by the uncle and home confinement with electronic monitoring.  A hearing shall be promptly scheduled to formally notify Defendant of his specific release conditions.  Defendant's counsel shall coordinate scheduling of such hearing with the Deputy Clerk to arrange the appearance of Defendant's uncle so that the Court can directly communicate his supervisory responsibilities to him and confirm his willingness to accept such responsibilities and post the required bail.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 29, 2010